SHAW, J.,
concurring in part and dissenting in part.
I concur as to Part I of the unpublished memorandum; however, I dissent as to Part II. I do not agree with the majority’s conclusion in footnote 1 that the record *637 affirmatively shows that the appellant’s two motions for a new trial were untimely filed. The motions were stamped as filed on November 6, 1998, one day after the 80-day period for filing a motion for a new trial had lapsed. See Rule 24.1(b), Ala. R.Crim.P. The record suggests that the trial court treated the two motions as a single motion for a new trial and that it denied the motions on the same day. Therefore, the date stamped on the motions was the date the motions were actually received by the court, not the date the motions were postmarked, a date some circuit courts use when determining when a pro se motion is filed. To be received by the court on November 6, 1998, the motions must have been mailed before November 6, 1998, i.e., within the 30-day period. Because the record shows that the appellant’s motions for a new trial were mailed within the 30-day period provided in Rule 24.1(b), Ala.R.Crim.P., it appears to me that the motions were timely under the rationale of Allen v. State, [Ms. CR-00-0647, May 25, 2001] — So.2d - (Ala.Crim.App.2001), and the cases cited therein. Therefore, I would address the appellant’s ineffective-assistanee-of-counsel claim.
COBB, J., concurs.